IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Cr. No. 05-345 (RMC) |
| V. ) | |
| ) | |
| HUGH TILGHMAN ) | |
| _____) | |

**MOTION TO SUPPRESS EVIDENCE ALLEGEDLY SEIZED
FROM 49 K STREET, NW,
WASHINGTON, D.C.**

Hugh Francis Tilghman, through undersigned counsel, respectfully moves this Honorable Court, pursuant to the Fourth and Fifth Amendments to the United States Constitution, to suppress as evidence against him at trial all evidence allegedly taken from 49 K Street, NW, in Washington, D.C. after the execution of a search warrant on August 17, 2005. An evidentiary hearing on this motion is respectfully requested.

**BACKGROUND**

On September 15, 2005, Mr. Tilghman was charged in a two-count indictment with one count of Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii).

According to discovery provided by the government, on August 17, 2005, at approximately 7:00 p.m., officers of the Metropolitan Police Department executed a search warrant at 49 K Street, NW. The search warrant was based on a series of alleged observations of undercover narcotics transactions "going in and out of" 49 K Street, NW. Pursuant to the execution of the search warrant, officers allegedly recovered crack cocaine, marijuana and

assorted drug paraphernalia from within the house.

## ARGUMENT

I.    **THE PHYSICAL EVIDENCE SEIZED PURSUANT TO THE SEARCH WARRANT MUST BE SUPPRESSED FOR FAILURE TO COMPLY WITH THE PROVISIONS OF 18 U.S.C. § 3109.**

The government must prove that the police officers executing the search warrant complied with the "knock and announce" provisions of 18 U.S.C. § 3109, which permits officers to force entry in order to execute a search warrant only after having given notice of their authority and purpose and having been refused admittance. Unless the government can prove that the officers executing the search warrant complied with the provisions of 18 U.S.C. § 3109, all evidence seized as a result of the search must be suppressed.

II.    **THE PHYSICAL EVIDENCE SEIZED PURSUANT TO THE SEARCH WARRANT MUST BE SUPPRESSED BECAUSE THE ACTIONS OF THE OFFICERS VIOLATED BOTH RULE 41(d) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE AND RULE 41(e)(4) OF THE SUPERIOR COURT RULES OF CRIMINAL PROCEDURE.**

Rule 41(e)(4) of the Superior Court rules of Criminal Procedure and Rule 41(d) of the Federal Rules of Criminal Procedure set forth requirements for officers executing search warrants. Whether the Court finds that the officers were subject to Rule 41(d) of the Federal Rules or Rule 41(e)(4) of the Superior Court rules, officers failed to comply with the relevant requirements.

Federal Rule of Criminal Procedure Rule 41(d) requires that "the officer taking property under the warrant shall give to the person from whom or from whose premises the property was

taken a copy of the warrant and a receipt for the property taken or shall leave the copy and the receipt at the place from which the property was taken." Fed.R.Crim.P. 41(d). A number of circuits have held that Rule 41(d) is <u>not</u> satisfied if a person is present and officers leave a copy of the warrant and return rather than presenting them to the person. See <u>United States v. Gantt</u>, 194 F.3d 987 (9th Cir. 1999). The rationale behind such holdings is that the purpose of Rule 41 is to "head off breaches of the peace by dispelling any suspicion that the search is illegitimate." <u>Gantt</u>, 194 F.3d at 993.

     Rule 41(e)(4), the Superior Court counterpart to Federal Rule of Criminal Procedure 41(d), requires that "[i]f the search is of a place, vehicle, or object a copy of the warrant and of the return shall be given to the owner if the owner is present, or if the owner is not, to an occupant, custodian, or other person present, or if no person is present, the officer or agent shall post a copy of the warrant and of the return on the place, vehicle, or object searched." If Superior Court Rule 41(e)(4), rather than Federal Rule 41(d), applies to the execution of the search warrant in this case, the officers violated that rule. Rule 41(e)(4) clearly requires that the officers give a copy of the warrant and return to a person if a person is present rather than posting the warrant and return.

     Regardless whether the officers in this case violated Federal Rule 41(d) or Superior Court Rule 41(e)(4), suppression is the appropriate remedy. With respect to both rules, suppression is the appropriate remedy for violations of the rule if "(1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule." <u>Criales v. United States</u>, 621 A.2d 374, 377 (D.C. 1993). See <u>Gantt</u>, 194 F.3d at 994.

Accordingly, the motion should be granted and the evidence seized should be suppressed.

## CONCLUSION

For the foregoing reasons, and any other reasons that the Court may deem just and reasonable, Mr. Tilghman requests that the Court suppress the physical evidence obtained by the officers pursuant to the invalid search warrant. Mr. Tilghman requests an evidentiary hearing on this motion.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_/s/_____
Lara G. Quint
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C. 20004
(202) 208-7500

Case 1:05-cr-00345-RMC   Document 10   Filed 11/17/2005   Page 5 of 5