IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. 05-345 (RMC) |
| V. | ) | |
| | ) | |
| HUGH TILGHMAN | ) | |
| | ) | |

**MOTION FOR DISCLOSURE OF
CONFIDENTIAL INFORMANT AND EXCULPATORY INFORMATION
AND INCORPORATED MEMORANDUM IN SUPPORT**

Hugh Tilghman, through undersigned counsel, respectfully moves the Court for an Order directing the prosecution to disclose the identity and whereabouts of the "Confidential Source" who provided information resulting in the investigation which led to his arrest.

**BACKGROUND**

On September 15, 2005, Mr. Tilghman was charged in a two-count indictment with one count of Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), and one count of Simple Possession of a Controlled Substance, in violation of 21 U.S.C. §§ 844(a).

According to discovery provided by the government, on August 17, 2005, at approximately 7:00 p.m., officers of the Metropolitan Police Department executed a search warrant at 49 K Street, NW. The search warrant was based on alleged observations of undercover narcotics transactions "going in and out of" 49 K Street, NW. The affidavit in support of the search warrant makes reference to a single attempted buy and a single "suspect." The suspect is described as a "Dark-skinned Black male, approximately 5'6" in height, approximately 175 lbs,

dread lock hair style, wearing a white tank top and dark denim jeans."

Pursuant to the execution of the search warrant, officers allegedly recovered crack cocaine, marijuana and assorted drug paraphernalia from within the house.

**ARGUMENT**

In Roviaro v. United States, 353 U.S. 53 (1957), the Supreme Court declared that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60. In Westinghouse Electric Corporation v. City of Burlington, 351 F.2d 762 (D.C. Cir. 1965), the Court stated that

> Roviaro states that in a wide range of cases, the privilege will not preclude disclosure . . . . If requirements of "fairness" to the defendant demand it, the informant's identity will be revealed. The Roviaro case stops far short of guaranteeing the anonymity of informers.

Id. at 769. In each case, the court must balance the government's interest in keeping secret the informant's identity with the defendant's right to present a defense. See Roviaro, 353 U.S. at 62; United States v. Ayala, 643 F.2d 244, 246 (5th Cir. Unit A 1981).

In the instant case, the defense submits that actions of the "Source" led to Mr. Tilghman's alleged involvement in the offense. Disclosure of the name and location of the "Source" is therefore essential because that person possesses information concerning the circumstances and/or inducements that resulted in that involvement. Acquiring information about the "Source's" identity and access to the "Source" is essential for Mr. Tilghman's counsel effectively to represent him, to discover exculpatory information, see Brady v. Maryland, 373 U.S. 83 (1963), and to present his defense, see Washington v. Texas, 388 U.S. 14 (1967).

In this case, Mr. Tilghman's need for the Source's identity clearly outweighs the government's interest in preserving a confidential informant. In contrast to the facts at issue in the D.C. Circuit case of United States v. Warren, 42 F.3d 647, 654-55 (D.C. Circuit 1994), where the Court held that the defendant "could only speculate that the informant would have testified that [the defendant] played no role in the controlled drug buy," in Mr. Tilghman's case the affidavit in support of the search warrant makes clear and specific reference to a "suspect" other than Mr. Tilghman. Mr. Tilghman could not possibly be the man described in the affidavit–thus, unlike in Warren, there is no speculation involved in the present case that the "Source" would have testimony favorable to Mr. Tilghman.

The Supreme Court in Roviaro recognized the need for defense counsel to interview the prosecution's informant.  See 353 U.S. at 64 ("[t]he desirability of, . . . at least interviewing [the citizen source] in preparation for trial, [is] a matter for the accused rather than the government to decide").  Likewise, in other contexts the Supreme Court has held that an interest in confidentiality is overcome when the accused's right of confrontation is at stake.  See, e.g., Davis v. Alaska, 415 U.S. 308 (1974) (accused entitled to cross-examine prosecution witness regarding juvenile record notwithstanding interest in confidentiality of juvenile adjudications).

The "Source" could exculpate Mr. Tilghman by offering information that, for example, could support a finding that individuals other than Mr. Tilghman engaged in drug transactions at the relevant address.  Thus, the disclosure of the "Source's" identity and/or access to the "Source" by defense counsel will lead to the discovery of exculpatory evidence, see Brady v. Maryland, 373 U.S. 83 (1963), and is therefore essential to Mr. Tilghman's defense, see Washington v. Texas, 388 U.S. 14 (1967).

## CONCLUSION

      For the foregoing reasons, and any others which may appear appropriate to the Court at a hearing, Hugh Tilghman requests that the Court grant his Motion and order the prosecution to disclose the requested information.

                                  Respectfully submitted,

                                  A.J. KRAMER
                                  FEDERAL PUBLIC DEFENDER

                                  _____
                                  LARA G. QUINT
                                  Assistant Federal Public Defender
                                  625 Indiana Avenue, N.W.
                                  Suite 550
                                  Washington, D.C.  20004
                                  (202)  208-7500

Dated: December 7, 2005