UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. 05-345 (RMC) |
| | : | |
| HUGH TILGHMAN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR
THE UPCOMING PLEA HEARING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.   ELEMENTS OF THE OFFENSES:

   A.   The essential elements of the offense of Maintaining Drug-Involved Premises, in violation of 21 U.S.C. § 856 are:

      1.   That the defendant managed or controlled any place as owner, lessee, agent, employee, occupant, or mortgagee; and

      2.   That the defendant knowingly and intentionally rented, leased, profited from, or made available for use, with or without compensation, the place for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance;

II.  COPY OF THE PLEA AGREEMENT:

A copy of the plea agreement, not yet executed by the defendant, is attached.

III. PENALTIES:

1

    A.    Pursuant to 21 U.S.C. § 856, the crime of Maintaining Drug-Involved Premises carries a penalty of a term of imprisonment of not more than 20 years, a fine of not more than $500,000, and a term of supervised release of not more than 3 years.

IV.    <u>FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA</u>:

If this case were to go to trial, the government's evidence would establish the following beyond a reasonable doubt:

On August 17, 2005, the Metropolitan Police Department (MPD) executed a search warrant at XXXXXXXXXXXXXX, Washington, DC. Upon entering the residence, law enforcement personnel apprehended the defendant in the upstairs area of the residence along with several other individuals located inside the residence. A search of the residence resulted in the recovery of numerous items, including but not limited to: (1) a plate containing 53.6 grams of a rock like substance, which field tested positive for cocaine base along with several red ziplock bags found laying on the stairwell of the upper level of the residence; (2) a digital scale with numerous empty red ziplock bags located in the kitchen; and (3) 12 ziplock bags containing a green weed substance, which field tested positive for marijuana.

On December 2, 2005, members of the MPD executed a second search warrant at XXXXXXXXXXXXXX. Upon entering the residence, the defendant was located inside a bedroom in the front of the residence. Recovered during the search of the residence was one ziplock bag located in the living room containing approximately 60.1 grams of a rock like substance, which field tested positive for cocaine base. Also recovered from inside the kitchen area was a scale and numerous empty ziplock bags. After the defendant was placed under arrest

he admitted in a videotaped interview with the police that he knew that the crack cocaine was in his residence. The defendant has also admitted that he knowingly and intentionally allowed other individuals to use his residence to manufacture and distribute cocaine base in exchange for user quantities of cocaine base.

Lease records for the residence established that the premises is leased in the name of the defendant and his wife.

The suspected narcotics seized from the defendant's residence was forwarded to the Drug Enforcement Administration Mid-Atlantic Laboratory for analysis. The results of the analysis indicated that the rock like substance seized from the defendant's residence on August 17, 2005 and December 2, 2005 was cocaine base, also known as crack, with a combined net weight of 113. 7grams.

At trial, the government would have called an expert witness to testify that the quantity, packaging, and value of the seized crack cocaine is consistent with amounts commonly intended for distribution by drug traffickers. The expert witness would have also testified that the substance seized in this case was cocaine base, commonly known as crack cocaine, which can be consumed through smoking.

This factual proffer is a summary of the defendant's actions, and is not intended to be a complete statement of all facts and events related to this offense. The limited purpose of the factual proffer is to demonstrate that a factual basis exists to support the defendant's guilty plea to the aforementioned offense, which is charged in the indictment.

        Respectfully submitted,
        KENNETH L. WAINSTEIN
        United States Attorney


        STEVEN B. WASSERMAN
        Assistant United States Attorney
        Federal Major Crimes Section
        555 4th Street, N.W.   Room #4241
        Washington, DC 20530
        (202) 307-0031; Fax: 514-8707

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Lara Quint, Esq., this 9th day of January 2006.

        Steven Wasserman
        Assistant United States Attorney